COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



DICK POE MOTORS, INC.,

                           Appellant,

v.

DAIMLERCHRYSLER
CORPORATION F/K/A CHRYSLER
CORPORATION,

                           Appellee.

§

§

§

§

§

No. 08-04-00080-CV

Appeal from the

120th District Court 

of El Paso County, Texas

(TC#2001-3325)



 
O P I N I O N

           This is an appeal from the trial court’s entry of an agreed order of dismissal entered
by the trial court on December 1, 2003 and the denial of a motion for clarification dated
February 17, 2004. On the court’s own motion, we dismiss this appeal for the reason that the
order appealed from is not a final appealable order.
I. FACTUAL AND PROCEDURAL BACKGROUND
           The original lawsuit in this case arose as a result of a tragic automobile accident where
the plaintiff, Jennifer Ann Lee, as mother of Alyssa Catlin Lee, deceased, brought suit
against various corporate defendants, DaimlerChrysler Corporation, formerly known as
Chrysler Corporation (“Chrysler”), TRW, Inc. (“TRW”), and Dick Poe Motors (“Dick Poe”),
doing business as Dick Poe Chrysler Plymouth. Dick Poe filed a cross-action against
Chrysler and TRW. The underlying personal injury claims against each corporate defendant
were ultimately settled and various orders of dismissal were entered disposing of portions of
the lawsuit. The trial court signed an agreed order of dismissal on December 1, 2003 which
disposed of the claims between the plaintiff and Chrysler. The pertinent part of the order was
worded as follows:
On the date hereinafter shown, came on to be heard the Motion by
JENNIFER ANN LEE, Individually, as Independent Administratrix of the
ESTATE OF ALYSSA CATLIN LEE, a Minor, Deceased, and on Behalf of
All Wrongful Death Beneficiaries of ALYSSA CATLIN LEE, a Minor,
Deceased, Plaintiff, and DAIMLERCHRYSLER CORPORATION, f/k/a
CHRYSLER CORPORATION, Defendants, to dismiss any and all claims by
and between them in their entirety with prejudice with each party to bear its
own attorneys fees and costs for the reason that all matters in dispute between
them have been fully and finally settled. 
 
IT IS, THEREFORE, ORDERED that any and all counter-claims,
cross-claims, and any and all other claims of any type whatsoever by and
between the parties herein are dismissed in their entirety with prejudice with
each party to bear its own attorneys fees and costs. 

           SIGNED this 1 day of Dec [sic], 2003.

                                                                             /s/Luis Aguilar 
                                                                             JUDGE LUIS AGUILAR

           The order was signed, approved as to form, by Evelina Ortega, attorney for the
plaintiff, and Patrick Seyferth, attorney for Chrysler, only.
           A dispute among the parties arose over the effect of the December 1 order and Dick
Poe filed a “Motion for Clarification Regarding Order of Dismissal Between Plaintiff and
Daimlerchrysler Corporation,” specifically questioning the effect of the agreed order of
dismissal signed by the court on December 1, 2003. On February 17, 2004, the trial court
held a hearing and entered an order that stated the following:
IT IS ORDERED that Dick Poe Motor, [sic] Inc.’s Motion for
Clarification is hereby denied on the basis that Dick Poe Motor, [sic] Inc.
abandoned or waived its cross-claims against Defendants DaimlerChrysler
Corporation and TRW, Inc.
 
SIGNED on this 17 day of Feb, 2004.
 
/s/ Luis Aguilar
Judge Presiding

           On March 18, 2004, Dick Poe filed its notice of appeal, asking this Court to determine
whether the orders of December 1, 2003 and February 17, 2004 provided a final appealable
order for purposes of appeal. We filed this notice of appeal under cause number 08-04-00080-CV.


 After a review of the appellate record, we hold that they do not.
II. ORDER ON APPEAL
           Unless otherwise statutorily authorized, an appeal may be taken only from a final
judgment or order. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (Vernon 1997
& Supp. 2004-05). A judgment or order is final for purposes of appeal if it disposes of all
parties and all issues in the record so that no further action is required by the trial court,
except as necessary to carry out the decree. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001). Absent a conventional trial on the merits, a judgment is final “if and only if
either it actually disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final judgment as to all claims and
all parties.” Id. at 192-93. The law does not require that a final judgment be in any particular
form. Id. at 195. The language of an order or judgment can make it final, even though it
should have been interlocutory, if that language expressly disposes of all claims and all
parties. Id. at 200. If the intent to finally dispose of the case is clear, “then the order is final
and appealable, even though the record does not provide an adequate basis for rendition of
judgment.” Id. Granting more relief than necessary makes the order reversible but not
interlocutory. Id. at 204. However, in Lehmann, the court conceded that to determine
whether an order disposes of all pending claims and parties, an appellate court may also look
to the record from the court below. Id. at 205-06. Therefore, whether a decree is a final
judgment must be determined from its language and the record in the case. Id. at 195.
           The orders at issue here are confusing and imprecise in the wording contained therein. 
We note that the December 1, 2003 order specifically is limited to the parties identified in
the introductory paragraph, the movant, Jennifer Ann Lee, Individually as Independent
Administratrix of the Estate of Alyssa Catlin Lee, a Minor, Deceased, and on Behalf of All
Wrongful Death Beneficiaries of Alyssa Catlin Lee, a Minor, Deceased, Plaintiff, and
DaimlerChrysler Corporation, f/k/a Chrysler Corporation, Defendant, only. No other parties
to the underlying lawsuit are referenced. The agreed order of dismissal purports to “dismiss
any and all claims by and between them [emphasis added] in their entirety with prejudice 
. . . for the reason that all matters in dispute between them [emphasis added] have been fully
and finally settled. IT IS, THEREFORE, ORDERED that any and all counter-claims, cross-claims, and any and all other claims of any type whatsoever by and between the parties herein
[emphasis added] are dismissed . . . with prejudice . . . .” As noted previously, the only
signatories to the agreement are the attorneys for the parties named above. We hold, as a
matter of law, that this order does not dispose of any claims brought by other parties to this
litigation. The plain language contained therein cannot be construed to have intended to
include any claims between any other parties in the lawsuit.
           Similarly, the trial court’s order of February 17, 2004, clarifying the December 1,
2003 order, cannot be a final, appealable order for purposes of appeal. The February 17
order on its face, denies Dick Poe’s motion for clarification for the reason that Dick Poe has
abandoned or waived its cross-claims against Chrysler and TRW. Nothing in the order
dismisses or adjudicates any claim. On its face, it is not a final appealable order because it
did not adjudicate all the claims before the trial court. We hold that the order is interlocutory
and does not constitute a final and appealable judgment. See, e.g., Luster v. Atkins, Harris,
& Brown, L.L.C., No. 01-03-01108-CV, 2005 WL 267666, at *2 (Tex.App.--Houston [1st
Dist.] Feb. 3, 2005, no pet. h.).
 

           Pursuant to Tex. R. App. P. 43.2, on its own motion, this Court dismisses this appeal. 
 
                                                                  RICHARD BARAJAS, Chief Justice

July 28, 2005

Before Barajas, C.J., McClure, and Chew, JJ.